IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD- 1400-03






CAROL B. PHILLIPS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


FORT BEND COUNTY





 Meyers, J., delivered the opinion of the Court, in which Price, Womack,
Johnson, Hervey, Holcomb, and Cochran, J.J., joined. Keasler, J., concurred in the
judgment. Keller, P.J., filed a concurring opinion.


O P I N I O N 


 

 After appellant pled nolo contendere to the offense of the sale of an alcoholic
beverage to a minor, (1) she timely filed an appeal with the Thirteenth Court of Appeals in
Corpus Christi pursuant to Texas Rule of Appellate Procedure Article 25.2(b)(3), (2)
claiming that the trial court improperly denied her motion to suppress evidence. The
court of appeals held that the trial court erred in denying Appellant's motion to suppress,
and remanded the case for further proceedings consistent with its opinion. (3) We will
reverse. 

I. Facts 

 On October 30, 1998, 17-year-old Shannon Berger entered the Mustang Lounge at
the direction of her Aunt, Berenice Berger, a Texas Alcoholic Beverage Commission
("TABC") agent. Shannon Berger was to attempt to purchase an alcoholic beverage
inside the bar as part of an undercover operation by the TABC. She was accompanied by
another TABC agent, Daryl Darnell, who witnessed the events that occurred inside the
bar. Appellant sold a beer to Shannon Berger, a minor, without asking for identification
in violation of §106.03 of the Texas Alcoholic Beverage Code. (4) TABC agents
subsequently detained Appellant and issued her a citation. 

 Appellant filed a motion to suppress "any evidence acquired as a result of the
actions" of the TABC officers. Appellant based this motion on the fact that there was a
sign posted in the Mustang Lounge (5) which prohibited any persons younger than 18 years
of age from being on the premises. Appellant argued that because Shannon Berger was
17 years old, she committed criminal trespass at the direction of the TABC agents by
remaining on the property despite the existence of the sign. Thus, Appellant asserted that
the actions of the TABC agents were illegal, and any evidence acquired by them as a
result of their investigation should be suppressed according to Texas Code of Criminal
Procedure Article 38.23 and Article 1 §9 of the Texas Constitution. (6) A hearing on the
motion was granted, and an associate judge granted the motion to suppress. The State
appealed the judge's order and requested a hearing de novo before the trial court, which
subsequently denied the motion to suppress. The Thirteenth Court of Appeals reversed
the trial court's judgment on April 24, 2003. The State's motion for rehearing was
overruled, and the State subsequently filed a timely petition for discretionary review with
this Court.

II. Appellate Decision and Grounds for Review

 The court of appeals held that Shannon Berger was a trespasser under Texas Penal
Code §30.05, and that she was not an "authorized representative" of the TABC under
§101.04 of the Texas Alcoholic Beverage Code, which would permit her entry onto the
premises without a warrant. (7) Texas Alcoholic Beverage Code §101.04 provides: 

 By accepting a license or permit, the holder consents that the commission,
an authorized representative of the commission, or a peace officer may
enter the licensed premises at any time to conduct an investigation or
inspect the premises for the purpose of performing any duty imposed by this
code. (emphasis added) 

The court of appeals further held that Shannon Berger was not an authorized
representative because, despite the State's contention that §106.05 of the Texas Alcoholic
Beverage Code allowed Shannon Berger to participate in the undercover operation, the
provision "does not expressly authorize TABC agents to recruit minors to enter licensed
premises for the purpose of purchasing alcohol." (8) The court of appeals finally held that
the violation of the trespass statute falls under the protections of Texas Code of Criminal
Procedure Article 38.23, and that Appellant had standing to invoke the provisions of
article 38.23 in a representative capacity. (9) Based on these holdings, the court of appeals
reversed the trial court's judgment.

 This Court granted review on two questions: first, does a 17-year-old commit
criminal trespass by entering and remaining in a bar under the direction of the TABC
despite the existence of a sign inside the bar seeking to exclude minors? Second, does a
violation of the criminal trespass statute invoke article 38.23 of the Texas Code of
Criminal Procedure? 

 The State argues that Shannon Berger was an "authorized representative" of the
TABC and therefore was statutorily authorized to enter the premises. Further, the State
argues that even if the court found she was not an "authorized representative," the trial
court could have found her conduct justified under Texas Penal Code §9.21, and found
that her conduct did not constitute criminal trespass. (10) The State also asserts that the court
of appeals erred in holding that a violation of the criminal trespass statute invokes Texas
Code of Criminal Procedure Art. 38.23.

 Appellant argues that Shannon Berger's conduct was unarguably criminal trespass
under Texas Penal Code §30.05, due to the fact that the Mustang Lounge had posted a
"no trespassing" sign giving notice that minors were not to enter the premises. Thus,
Appellant asserts that this violation of the penal code by Shannon Berger acting in
conjunction with the TABC agents triggers the application of Texas Code of Criminal
Procedure Article 38.23. 

III. Analysis

 The primary question in this case, as posed in the first ground for review, is
whether a minor recruited by the TABC to enforce the provisions of the Texas Alcoholic
Beverage Code through conducting a sting operation inside a bar, commits criminal
trespass if the target establishment has posted a "no trespassing to those under 21" sign. 
To answer this question, it is helpful to analyze as a whole the way the code addresses
issues related to minors. 

 Section 101.04 of the Texas Alcoholic Beverage Code provides TABC officers
with the authority to enter a licensed establishment at any time for an inspection without
first notifying the owner or obtaining any sort of warrant as long as they are performing
duties given to them by the Texas Alcoholic Beverage Code. (11) This section of the code
also grants this right to the commission itself, or authorized representatives of the
commission. The court of appeals is correct when it points out that §101.04 does not
expressly authorize TABC agents to recruit and use minors to enforce the provisions of
the code. However, the court of appeals fails to consider the purpose behind the code. 

 In particular, two sections relating to minors are informative in trying to discern
whether minors acting under TABC authority are criminal trespassers in this situation.

Section 106.05, entitled "Possession of Alcohol by a Minor," states that a minor commits
an offense if he or she possesses an alcoholic beverage, subject only to several exceptions
listed. The exception relevant to our inquiry is the following: the minor may possess an
alcoholic beverage "if the minor is under the immediate supervision of a commissioned
peace officer engaged in enforcing the provisions of this code." (12) This same exception
can also be found in §106.02, "Purchase of Alcohol by a Minor." 

 This exception was created in a 1997 amendment by the 75th Legislature in H.B.
3441. According to the bill analysis prepared by the House Committee on Licensing and
Administrative Procedures, the purpose of this amendment was to "vest the commission
with statutory authority to utilize minors in the conduct of sting operations identifying
retailers who sell alcoholic beverages to minors." (13) Additionally, according to the
background information provided in the bill analysis, this bill was proposed in response to
claims brought against the TABC in courts charging that the TABC had no authority to
use minors for this purpose. Though the TABC had not yet lost a case, the bill analysis
makes it clear that law-makers wanted to establish that the TABC had the explicit
statutory authority to utilize minors to ferret out retailers who sell alcohol to children. (14) 
The Legislature had a clear objective in mind, and that was to provide a way for the
Alcoholic Beverage Code to be enforced; therefore they created a powerful enforcement
mechanism by ensuring that minors could be used in undercover sting operations. 

 The Texas Alcoholic Beverage Code expressly provides that minors are not to be
held criminally liable for possession or purchase of alcohol if they are assisting TABC
officers in carrying out the provisions of the code. It would be absurd for the Legislature
to pass such legislation allowing minors purchase and possess alcohol to assist the TABC
if they did not also intend for these minors to be able to have access to the targets of the
sting operations without being criminally liable for trespass. If minors are liable for
criminal trespass for assisting the TABC, it could possibly lead to claims by anyone who
posted a "no trespassing" sign on their establishment that the evidence should be
suppressed pursuant to Article 38.23. This would allow any bar owner to thwart any
undercover operation by the TABC merely by posting a "no trespassing by persons under
21" sign outside the establishment. Such an interpretation would render many of the
provisions of the Alcoholic Beverage Code regarding the sale of alcohol to minors
practically unenforceable. 

 The statute does not expressly state that minors are not to be held liable for
criminal trespass if they are assisting the TABC. However, we assume that because
minors in this situation act at the specific request of TABC officers, and on behalf of the
TABC itself, to enforce the provisions of the TABC Code through sting operations, they
should not be considered trespassers even in the face of a no trespassing sign. (15)

 By accepting a license or permit to sell alcohol, the Mustang Lounge consented to
inspection by TABC agents. Shannon Berger was a minor recruited by and under the
immediate supervision of Agent Berenice Berger to help conduct a sting operations that
was expressly contemplated by the legislature. Therefore, as to the first ground for
review, we hold that Shannon Burger was not a criminal trespasser under Texas Penal
Code §30.05.

 Because no laws were violated by police officers, TABC agents, or Shannon
Berger, Texas Code of Criminal Procedure Article 38.23 was not implicated, and the trial
judge did not err in denying Appellant's motion to suppress. Thus, it is unnecessary to
address the second ground for review. The decision of the court of appeals is reversed,
and we uphold the ruling of the trial court. 

 Meyers, J.


Delivered: April 27, 2005

Publish








 
1. Tex. Alco. Bev. Code §106.03(a) (Vernon 2004). 
2. Texas Rule of Appellate Procedure 25.2(b)(3) states that if an appeal is from a judgment
rendered on the defendant's plea of guilty or nolo contendere, a defendant may appeal only
"those matters that were raised by written motion and filed and ruled on before trial, or after
getting the trial court's permission to appeal."
3. Phillips v. State, 109 S.W.3d 562 (Tex. App. - Corpus Christi 2003, pet. granted).
4. Tex. Alco. Bev. Code §106.03(a) (Vernon 2004). 
5. The record is unclear as to whether this sign was posted outside or inside the lounge in a
visible area. 
6. Texas Code of Criminal Procedure Article 38.23 states in relevant part: "No evidence
obtained by an officer or other person in violation of any provisions of the Constitution or laws
of the State of Texas, or of the Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal case."
7. Phillips, 109 S.W.3d at 566.
8. Id. at 567. 
9. Id. at 572-73. 
10. Texas Penal Code §9.21 provides a public duty justification defense to crimes
committed. It provides in relevant part that "the justification afforded by this section is available
if the actor reasonably believes... his conduct is required or authorized to assist a public servant
in the performance of his official duty, even though the servant exceeds his lawful authority."
11. Tex. Alco. Bev. Code §101.04 (Vernon 2004). 
12. Tex. Alco. Bev. Code §106.05 (Vernon 2004).
13. House Comm. On Licensing and Administrative Procedures, Bill Analysis,
Tex. H.B. 3441, 75th Leg., R.S. (1997).
14. Id.
15. See Tex. Alco. Bev. Code §§ 106.02, 106.05 (Vernon 2004).